IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

LEONARD SIMMONS,                          )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )    Case No. 04-4042-CV-C-NKL
                                          )
JOHN HEMEYER, et al.,                     )
                                          )
            Defendants.                   )
                                          )
                                          )

ORDER

On February 2, 2007, the Court granted summary judgment to Defendant John

Hemeyer ("Hemeyer") on all Counts.  Plaintiff Leonard Simmons ("Plaintiff") asks the

Court to reconsider that ruling in light of the Eighth Circuit's per curiam opinion in *Sims*

*v. Lay*, Case. No. 05-2136, Slip Op. (8th Cir. February 2, 2007), issued the same day.

After full consideration of the *Sims* opinion, the Court denies Plaintiff's Motion for

Reconsideration [Doc. # 82].

In *Sims*, the Eighth Circuit reversed in part a judgment on the pleadings in favor of

a prison warden because the court of appeals concluded that "whether the housing and

staffing at the Cummins Unit were adequate to meet Sim's serious mental health needs is

a factual question as to which dismissal on the pleadings was inappropriate."  *Id.* at *2.

Plaintiff argues that *Sims* is analogous to the present case because "Plaintiff alleged that

there was a policy of providing insufficient medical care at the jail and, as a result, a

1

mentally ill woman who developed a critical medical condition was left to die on the floor of a jail cell without any medical treatment, despite the obvious nature of her condition." Pl. Sugg. at 2. Plaintiff further asserts that the Eighth Circuit "has long held that under Missouri law, a sheriff is liable for jail conditions even though he may not have had actual knowledge of them." *Id.* (citing *Tatum v. Houser*, 642 F.2d 253, 254 (8th Cir. 1981; Mo. Rev. Stat. § 221.020).

The evidence before the Court in the present case is quite different than that before the district court in *Sims.* In that case "Sims alleged that–through his grievances–Warden Lay knew of the Cummin's Unit's constitutionally inadequate housing and staffing for mental health inmates yet failed to correct the situation." *Sims*, Slip Op. at 2. In the present case, however, Plaintiff offered no evidence that Hemeyer had received any grievances about the medical treatment of inmates or that he was otherwise aware of any constitutionally inadequate conditions in the jail. Plaintiff tries to impute knowledge of such conditions to him under Mo. Rev. Stat. § 221.020 ("the sheriff of each county . . . shall have the custody, rule, keeping and charge of the jail within his county, and of all the prisoners in such jail, and may appoint a jailer under him, for whose conduct he shall be responsible"). But even assuming that respondeat superior liability is created by that statute, it is well-settled that such liability is not actionable under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs*. 436 U.S. 658, 691 (1978); *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006). The *Sims* court noted as much in the case citation immediately preceding the text from that opinion quoted in Plaintiff's brief. Slip Op. at *3 (citing

2

*Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987) ("Respondeat superior is not applicable to § 1983 claims. Further, a warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement.") The only basis for holding a sheriff liable under § 1983 for the unconstitutional conduct of his subordinates outside of his direct control is through a failure to train or through the implementation of an unconstitutional policy or custom. *See Ware v. Jackson County*, 150 F.3d 873, 880 (8th Cir. 1998).

Plaintiff argues that Hemeyer's policy or custom of providing regular medical treatment to prisoners only once per week, and only allowing supervisors to determine whether prisoners needed medical attention at other times, could be found unconstitutional by a reasonable jury. In *Sims*, however, the plaintiff had repeatedly complained to the warden though a grievance procedure that he wasn't receiving adequate medical treatment, and thus the warden was on notice that the procedures he had in place may have been inadequate. There is no evidence in the present case that Simmons or any other prisoner complained about the inadequacy of medical treatment before the incidents leading to Simmons death. *See Ware*, 150 F.3d at 880 ("custom or usage is demonstrated by . . . [t]he existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees [and] [d]eliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials *after notice to the officials of that misconduct*") (emphasis added). Without demonstrating notice, Plaintiff cannot establish supervisor or pattern and practice liability

3

in the present case.  Nor does Mo. Rev. Stat.§ 221.020 or *Tatum v. Houser*, 642 F.2d 253,

254 (8th Cir. 1981) cure this failure of proof.[1]  Because Hemeyer is entitled to summary

judgment, the Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  February 8, 2007
Jefferson City, Missouri

---

[1]Although *Tatum* appears at first blush to apply the strict liability of sheriffs for the conduct of their jailers contemplated by Mo. Rev. Stat. § 221.020 to civil rights cases brought under 42 U.S.C. § 1983, such a reading of that case would run contrary to the United States Supreme Court's earlier holding in *Monell v. Dep't of Soc. Servs*. 436 U.S. 658, 691 (1978).  It is not clear whether *Monell* was argued in *Tatum*, but the Eighth Circuit has not relied on the latter case for almost 25 years.  Moreover, not only would the imposition of statutorily created respondeat superior liability in a § 1983 case run afoul of *Monell*, but violations of state law rights cannot be vindicated in a § 1983 action anyway.  *Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995).  In either case, the Court concludes that Plaintiff's reliance on *Tatum* to excuse his failure to prove Hemeyer's knowledge of unconstitutional conditions in the instant case is misplaced.

4